ANDERSON v. NYSTRAND LLOYD CORP., et al.

Industrial Commission.

September 27, 1957.

Allen Clements, Miami, for claimant.

Lawrence G. Lally, Esq., Coral Gables, for the employer and insurance carrier.

JOHN V. CHRISTIE, Deputy Commissioner.

Hearings were held before the undersigned at Miami on March 11, April 26 and June 14, 1957. Upon consideration of all the evidence and testimony submitted and the stipulations of the parties, the undersigned deputy commissioner finds—

That on August 30, 1955 Harley Anderson, claimant, while engaged in the performance of his duties as an employee of Nystrand Lloyd Corporation fell off a truck seriously and permanently injuring his back.

That at the time he was so injured, he was an efficient and experienced roofer with an average weekly wage of $88, making his rate of compensation $35 per week.

That he was immediately hospitalized and placed under the care and treatment of Dr. Robert P. Keiser by the employer; that Dr. Keiser discharged him on October 28, 1955 with a permanent partial disability rating of 20% of the body as a whole attributable to the back injury.

That on December 2, 1955, Harley Anderson, by his attorney, filed a claim for further benefits stating in said claim—"The carrier's physician has dismissed Anderson with a rating of 20% permanent partial disability. It is claimant's contention that he has not reached maximum degree of recovery, that he is in need of further medical attention and that he will probably have permanent partial disability greater than 20%. An early hearing is requested." That a hearing was set by the undersigned on said claim for February 17, 1956; that two days before the hearing scheduled for February 17, 1956 the parties agreed to an indefinite postponement by reason of the fact that claimant was in the hospital undergoing a back operation—the carrier having agreed at the time that he was temporarily and totally disabled.

That on January 22, 1957, Harley Anderson, by his attorney, filed further claim for permanent total disability and requested a hearing.

That on March 14, 1957, the carrier, Bituminous Casualty Corp., filed written Notice to Controvert on the grounds—"That the claimant has sustained only a 50% permanent partial disability as a result of his accident of August 30, 1955. It is affirmatively stated that the employee has continued to be paid compensation since the date of the accident and is presently being paid based on Dr. Christian Keedy's evaluation of 50% permanent partial disability of the body." That on March 18, 1957 the employer filed

Notice of Request for Reimbursement from Second Disability Fund, alleging—

1. The employee was under a permanent physical impairment as a result of a congenital condition prior to August 30, 1955.

2. The prior "permanent physical impairment" consists of a "progressive neurological disorder which is due to cord compression as a result of kyphosis of the spine."

3. The prior physical impairment has combined with the injuries sustained in the accident of August 30, 1955, resulting in a permanent disability that is materially and substantially greater than that which would have resulted from the accident alone.

4. The employer had knowledge of the existence of said "permanent physical impairment" at the time the employee was hired and prior to the accident.

That on April 5, 1957 the Florida Industrial Commission Special Disability Fund Conservation Committee filed Notice to Controvert Employer's Claim of Right to Reimbursement from Special Disability Fund on the grounds—

1. That prior to the alleged injury the claimant did not have a "permanent physical impairment" within the meaning of section 440.15(5) (d)5, F. S., which defines same as "any permanent condition due to previous accident or disease or any congenital condition which is or is likely to be a hindrance or obstacle to employment."

2. That the alleged pre-existing condition did not have any limiting effect upon the employee's ability to work which was known to the employer.

3. That the burden of proving that such alleged pre-existing condition was or was likely to be an obstacle to employment and that the employer had knowledge thereof prior to the alleged injury in his employ, is on the employer.

4. That the employer did not either hire the employee or continue the employment of the employee with knowledge of the alleged pre-existing condition, nor with knowledge that same was a permanent condition which was or was likely to be a hindrance or obstacle to employment.

5. That any permanent disability which may be suffered by claimant as a result of the alleged injury in the employment of

the employer will not be "a permanent disability caused by both conditions" within the meaning of section 440.15 (5) (d) 3, F. S.

6. That as a result of the alleged pre-existing condition and the alleged injury claimant does not have a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the alleged injury alone, within the meaning of the statute.

7. That under the statute the employer and carrier are liable for all benefits provided by the Workmen's Compensation Law for such alleged injury when considered by itself, and said section 440.15 (5) (d) does not contemplate nor provide for aggregating a pre-existing condition and a disability from injury which are totally unrelated for the purpose of determining an aggregate permanent disability as a basis for awarding compensation in excess of that allowed for such injury when considered by itself, unless such injury aggravates the pre-existing permanent physical impairment or both together cause permanent total disability.

8. That claimant's permanent loss of earning capacity, if any, as a result of the alleged injury will not be substantially and materially greater by reason of the alleged pre-existing condition.

That as a result of said accidental fall from the truck on August 30, 1955, Harley Anderson was temporarily totally disabled until March 27, 1956 at which time he returned to work driving a taxicab. That the claimant is entitled to temporary partial disability compensation for the weeks he was able to work from March 27, 1956 until August 21, 1956, and for temporary total disability for the weeks during said period in which he was unable to work. That until the claimant's condition began deteriorating after his returning to work as a cab-driver, there was considerable hope that he would not be permanently and totally disabled, and it is the finding of the undersigned that this optimism was justified and that the permanent total disability rating should not begin until August 22, 1956; in fact, the carrier argued at the time of the final hearings held herein, that the claimant was not totally disabled; that claimant is suffering from an involvement of the spinal cord and of the peripheral nerves, a condition which cannot be cured; that since said accidental back injury, claimant earned some small amounts in trying to work as a taxicab driver; that claimant's physical condition is such that he can do no work and he will need further medical treatment for relief of pain.

That claimant's average weekly wage at the time of the accident was $88 as stipulated to by the parties.

That claimant was raised on a farm; did not finish the 7th grade in public school; has worked as a farmer, jitney driver, bus driver and as a roofer. That he can never again do heavy work because of said back injury; that he is not qualified to do any work of a sedentary nature, even if his physical condition permitted.

That due to said injury and resultant temporary total and permanent total disability, he is entitled to compensation at the rate of $35 per week and to 60% of the difference of his wages for the time he worked after the accident; that during the continuance of said permanent total disability he is entitled to such further medical treatment as the nature of his injury may require.

That Harley Anderson has been represented by his attorney, Allen Clements, in this cause since December 2, 1955, and $7,500 is a reasonable fee for the legal services so rendered claimant by his attorney.

That as to the issues between the employer and the special disability fund, as evidenced by their pleadings, hereinbefore quoted, the undersigned makes the following additional specific findings—

(a) That Harley Anderson, age 37, prior to said back injury was a strong active man who for years had ably and efficiently followed the occupation of roofer for different employers, and was in fact a first class roofer.

(b) That claimant had a back condition termed by the medical profession as "kyphosis" and by laymen as "hunchback"; that said condition was congenital or existed from early childhood and constituted a structural defect of the back.

(c) That the condition of his back had not actually interfered with his activities nor the performance of the duties and work required by his different employments prior to the back injury of August 30, 1955.

(d) That claimant's kyphosis was a permanent physical impairment due to disease or congenital condition which prior to the back injury was or was likely to be a hindrance or obstacle to his employment.

(e) That claimant's kyphosis made him a greater risk and was or was likely to have been a hindrance or obstacle to his obtaining employment, due to the aversion of many employers to hire people with an apparent and visible deformity and due to the knowledge

that deformed people suffer greater disability from injury than do people who are physically normal.

(f) That when claimant fell 10 to 14 feet from a truck on August 30, 1955, he landed on his kyphosis and back, severely injuring his kyphosis and back. That his permanent total disability is materially and substantially greater than that which would have resulted from the said injury to his kyphosis and back, had he not had said kyphosis.

(g) That the symptoms, disorders and disability apparent after claimant's back injury which were not present previous to the back injury, are the direct result of the injury—in the nature of aggravation of a pre-existing relatively non-disabling disorder.

(h) That his permanent total disability is attributable 50% to his back injury of August 30, 1955, considered by itself and not in connection with his kyphosis, hereby found to be a "previous permanent physical impairment" within the meaning of the term as used in section 440.15(5)(d)(1).

(i) That the carrier is entitled to be reimbursed from the special disability fund for permanent compensation benefits allowed hereby in excess of 50% permanent partial disability of the body—which would have been claimant's disability from said fall had his back been normal.

(j) That claimant's kyphosis, a previous permanent physical impairment, was known to the employer, being visible and self evident.

(k) That claimant's permanent total disability was caused by both said permanent physical impairment, a kyphosis of the spine, and the back injury he sustained on August 30, 1955.

The carrier's objection to certain portions of the testimony of Dr. T. J. C. Von Storch taken by deposition, and its motion to strike same, are hereby overruled and denied.

It is therefore ordered that the employer, Nystrand Lloyd Corporation, by its carrier, Bituminous Casualty Corporation—

1. Pay compensation to the claimant, for his temporary total disability, at the rate of $35 per week commencing as of September 4, 1955 until March 27, 1956, taking credit for the compensation previously paid for this period of time.

2. Pay claimant temporary partial disability compensation for the weeks he was able to work from March 27, 1956 until August 22, 1956 at the rate of 60% of the difference between his average

weekly wage before the injury and his wage earning capacity per week after the injury, and temporary total disability for the weeks during said period in which he was unable to work at the rate of $35 per week, taking credit for the compensation previously paid for this period of time.

3. Pay claimant compensation for his permanent total disability at the rate of $35 per week, commencing as of August 22, 1956, and thereafter during the continuance of his permanent total disability, taking credit for the compensation heretofore paid claimant since August 22, 1956.

4. Furnish claimant such further medical treatment as the nature of his injury may require.

5. Pay any and all outstanding unpaid medical and hospital bills incurred in the treatment of claimant's back injury and reimburse claimant for any expenditures that he may have made in that respect, including transportation.

6. Pay to Allen Clements, claimant's attorney, the sum of $7,500 as a reasonable attorney's fee for the legal services rendered claimant in this cause by said attorney.

7. Pay claimant's costs.

It is further ordered—

(a) That the carrier, Bituminous Casualty Corporation, be reimbursed from the special disability fund for the permanent disability compensation which shall be paid by the carrier to Harley Anderson on account of his back injury in excess of 175 weeks compensation herein allowed for said back injury.

(b) That said carrier be reimbursed from the special disability fund for all medical treatment rendered claimant after the expiration of the period of 175 weeks commencing as of August 22, 1956.